# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ANTOINE McDONALD,

    Plaintiff,

v.

OFF. GEORGE,
OFF. G HARRISON,
OFF. L.A.,
OFF. SMILEY,
M.C.I.J. and
MARYLAND DEPT. OF CORRECTIONS,

    Defendants.

Civil Action No. TDC-18-2264

## MEMORANDUM OPINION

Plaintiff Antoine McDonald, an inmate formerly housed at Maryland Correctional Institution at Jessup ("MCI-J") in Jessup, Maryland and presently confined at Eastern Correctional Institution in Westover, Maryland, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants MCI-J and the Maryland Department of Corrections ("the State Defendants") and Defendants George, Harrison, "L.A.," and Smiley ("the Individual Defendants") failed to protect him from an assault at the hands of other inmates. Service was effected on all Defendants except L.A. and Smiley, who will be dismissed as Defendants because service was not effected on them and because, as discussed below, no valid claims are asserted against them. Pending before the Court is the remaining Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## DISCUSSION

In their Motion, Defendants seek dismissal or summary judgment on the grounds that (1) the Complaint is barred by sovereign immunity; (2) McDonald failed to exhaust administrative remedies; (3) McDonald's claim fails because Defendants had no role in the incident, and any negligence would not state a valid constitutional claim; and (4) the action is barred by qualified immunity. The Court will address only those arguments necessary to resolve the Motion.

### I. Legal Standards

In their Motion, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or summary judgment pursuant to Rule 56. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Where Defendants have submitted exhibits with their Motion, the Court may consider such evidence only if it converts the Motion to one seeking summary judgment. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have

some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Here, the notice requirement has been satisfied by the title of the Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d), or an equivalent filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002). McDonald has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter, nor has he opposed the substance of the Defendants' Motion. Under these circumstances, the Court will construe Defendants' Motion as a Motion for Summary Judgment for purposes of arguments requiring consideration of the attached exhibits.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the motion, the Court views the facts in the light most favorable to the nonmoving party, "with all justifiable inferences" drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.*

## II. The State Defendants

The State Defendants seek dismissal of all claims against them on the grounds that they are not a proper defendant under § 1983 and are protected from suit by the Eleventh Amendment to the Constitution.

Section 1983 states:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983 (2012) (emphasis added).

The Maryland Department of Corrections, officially referred to as the Maryland Division of Corrections, and MCI-J are both arms of the State and are not persons within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *see also* Md. Code Ann., State Gov't § 8–201(b)(16) (West 2015) (identifying the Maryland Department of Public Safety and Correctional Services as a department of the Maryland state government); Md. Code Ann., Corr. Servs. § 2–201(1) (West 2002) (identifying the Maryland Division of Corrections as a unit within the Maryland Department of Public Safety and Correctional Services). Moreover, under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from citizen suits in federal court absent state consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, McDonald has failed to state a valid § 1983 claim against the State Defendants.

## III. Failure to Protect

McDonald's Complaint is fairly construed as alleging a violation of the Eighth Amendment to the United States Constitution under the theory that Defendants failed to protect him from the

5

assault by other inmates. The Eighth Amendment right to be free from cruel and unusual punishment includes the right to be protected from a substantial risk of serious harm at the hands of other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015). Accordingly, the "Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 832). Those duties include maintaining "reasonable measures to guarantee the safety of the inmates." *Id.* (quoting *Farmer*, 511 U.S. at 832). However, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Rather, to demonstrate a violation of his Eighth Amendment rights, a plaintiff must satisfy a two-part inquiry that includes both objective and subjective components. *See Raynor*, 817 F.3d at 127.

First, to satisfy the objective inquiry, the plaintiff "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk of such harm. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014); *see also Farmer*, 511 U.S. at 834. The objective inquiry requires the Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). To satisfy the subjective component of the test, Plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety, in that the prison officials both were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that they actually drew that inference. *Id.* at 837. A plaintiff may "prove an official's actual

6

knowledge of a substantial risk in the usual ways, including inference from circumstantial evidence" so that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Raynor*, 817 F.3d at 128 (quoting *Farmer*, 511 U.S. at 842). Actual knowledge of a substantial risk does not alone impose liability. "In failure to protect cases, 'prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.'" *Raynor*, 817 F.3d at 128 (quoting *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995)). Refusing to take any action to stop an ongoing assault, however, can amount to deliberate indifference. *Id.*

The fact that McDonald was stabbed with a knife by other inmates several times undoubtedly satisfies the objective prong of an Eighth Amendment claim. However, McDonald fails to allege facts sufficient to support the conclusion that any of the Defendants was deliberately indifferent to the risk of harm. McDonald does not contend that he had expressed any fear that he would be attacked by any particular inmate, and he has not asserted that any Defendant or other prison staff had advanced knowledge of, or suspicions about, the possibility that McDonald would be assaulted. Rather, McDonald's attempt to assign responsibility to Defendants is premised on his claim that he "received no protection or assistance from the officers who were supposed to be working [in] building F" because "[d]uring the assault none of the [Defendants] were at their post[,] leaving me vulnerable to attack." Compl. at 5. Even if true, this allegation would support only a claim of negligence and in fact acknowledges that no Defendant had the requisite subjective knowledge of a substantial risk to McDonald's safety. The Complaint therefore fails to state an Eighth Amendment failure-to-protect claim. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

prohibited by the Cruel and Unusual Punishments Clause."); *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).

Furthermore, Defendants George and Harrison have stated in their affidavits that they were not assigned to Housing Unit F on the date in question. The Attorney General has submitted certified prison records confirming that none of the Defendants, including Defendants L.A. and Smiley, was assigned to Housing Unit F on the day in question. McDonald has provided no basis to refute Defendants' evidence. Thus, where McDonald has failed to satisfy the subjective prong of a deliberate indifference claim, Defendants are entitled to summary judgment.

## IV. Identity of the Perpetrators

Where Defendants identified in its brief on the Motion certain inmates as the perpetrators of the attack, McDonald appears to seek damages against these four inmates and has stated that he wants to press criminal charges against them. Although McDonald has not formally moved to add these four inmates as defendants in this action, the Court would not grant any such motion to amend. Unlike correctional officers, fellow inmates are private individuals not acting under color of state law and thus cannot be defendants in a § 1983 action. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."). Any available civil claim would therefore arise under state law and thus must be filed in state court.

Criminal charges against fellow inmates would also be a state law matter. Although McDonald could request that state officials pursue a criminal case, he cannot compel such a prosecution or initiate such an action himself because "a private citizen lacks a judicially

8

cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, will be GRANTED. All claims against Defendants L.A. and Smiley will be DISMISSED. A separate Order shall issue.

Date: April 30, 2019

                                             THEODORE D. CHUANG
                                             United States District Judge